UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
OF TENNESSEE AT CHATTANOOGA

| | | |
|---|---|---|
| NIKOLAS SHIPLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 1:23-CV-00299-KAC-SKL |
| v. | : | |
| | : | Jury Demand |
| | : | |
| CHATTANOOGA POLICE DEPARTMENT | : | |
| OFFICER DARNELL BRYANT, BADGE #395 | : | |
| CHATTANOOGA POLICE DEPARTMENT | : | |
| OFFICER SERRET, BADGE #845, | : | |
| CHATTANOOGA POLICE DEPARTMENT | : | |
| OFFICER BUCKLEY, BADGE #1126, and | : | |
| CITY OF CHATTANOOGA, TENNESSEE | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' MOTION TO DISMISS

**COMES NOW** Defendants Darnell Bryant, Andrew Serret, Karli Thomas[1], and the City of Chattanooga, Tennessee (collectively "Defendants"), by and through undersigned counsel, files this Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted, specifically, Count I, County III, and Count IV fail to state a claim upon which relief may be granted. In support, Defendants file a Memorandum in Support of Defendants' Motion to Dismiss and would show the following:

Count I is a claim under 42 U.S.C. 1983 alleging that Defendants violated the Plaintiff's Second Amendment rights by unlawfully seizing the Plaintiff's handgun during a traffic stop. As police officers with the Chattanooga Police Department, Bryant, Serret, and Thomas ("These

---

[1] At the time of the traffic stop, Thomas's name was Karli Buckley and later changed to Thomas. As such, she will be referred to in this motion as Thomas.

Officers") are entitled to the affirmative defense of qualified immunity, such that These Officers are protected "from liability for civil damages insofar as his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). The Supreme Court nor any Circuit Court has ever found a deprivation of a particular firearm to be a clearly established violation of the individual's Second Amendment Rights. Moreover, courts have routinely held that "where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of governmental behavior, that Amendment, not the more generalized [amendment], must be the guide for analyzing these claims." Here, the Fourth Amendment provides direct textual protections for the seizure, and thus, should be brought as such.

Count III and Count IV are claims under 42 U.S.C. 1983 alleging deprivation of personal property without due process of law and deprivation of constitutional rights without due process of law. The Supreme Court has made clear that "where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of governmental behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." Here, the Fourth Amendment provides direct textual protections for the seizure of property and person. Thus, the Fourth Amendment is the proper vehicle for which the Plaintiff should bring his claims.

The Defendants rely more specifically on the arguments made in his Memorandum in Support of Defendants' Motion to Dismiss filed with this Motion.

Under *Fed. R. Civ. P*. 12, filing a Rule 12(b)(6) motion to dismiss, unless otherwise ordered by the court, extends the period in which a defendant must file an Answer to after the motion to dismiss is ruled upon. However, should the Defendants decide to file an Answer prior to a ruling,

the Defendants shall not waive the defenses and arguments made in the Defendants' Motion to Dismiss and reserve the right to continue raising such defenses and arguments.

In conclusion, the Defendants respectfully requests this Court grant Defendants' Motion to Dismiss and dismiss Count I, Count III, and Count IV of Plaintiff's Complaint (Doc. 1).

Respectfully submitted,

**TIDWELL & ASSOCIATES, P.C.**
/s/ Matthew D. Tidwell.
**W. Gerald Tidwell, Jr., BPR# 010136**
**Matthew D. Tidwell, BPR# 038966**
1810 McCallie Avenue
Chattanooga, TN 37404
Ph: (423) 602-7511
wgt@tidwellandassociates.com
mdt@tidwellandassociates.com
*Attorneys for Defendant Officer Bryant*

**CHATTANOOGA CITY ATTORNEY'S OFFICE**
/s/ Phillip A. Noblett
City Attorney
**Phillip A. Noblett, BPR# 010074**
100 E. 11th Street, Suite 200
Chattanooga, TN 37402
Ph: (423) 756-2291
pnoblett@chattanooga.gov
*Attorney for Defendant City of Chattanooga*

**DAVIS & HOSS, P.C.**
/s/ Janie Parks Varnell
**Janie Parks Varnell, BPR# 031256**
**Edith Logan Davis, BPR# 038138**
**Bryan H. Hoss, BPR #021529**
850 Fortwood Street
Chattanooga, TN  37403
Ph: (423) 266-0605
janie@davis-hoss.com
*Attorney for Defendants Officer Serret and Officer Buckley*