| | |
|---|---|
| NIKOLAS SHIPLEY, | ) |
|         Plaintiff, | ) |
| v. | )   No.:   1:23-CV-299-KAC-MJD |
| CITY OF CHATTANOOGA, et al., | ) |
|         Defendants. | ) |

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS IN PART

This matter is before the Court on a "Motion to Dismiss" [Doc. 18] filed by Defendants Officers Darnell Bryant, Andrew Serret, Karli Buckley (Thomas), (the "Officer Defendants"), and the City of Chattanooga. For the foregoing reasons, the Court grants in part and denies in part Defendants' Motion.

**I.  Background**[1]

Plaintiff "is the C.E.O. of Happy Hemp Farmacy," a business that "sells hemp products and hemp derived products to the general public" [Doc. 1 ¶ 48]. "[O]n or about December 18," 2022,[2] the Officer Defendants "initiated a traffic stop of a vehicle driven by" Plaintiff [*Id.* ¶ 23].

---

[1] The Complaint [Doc. 1] is not a model of clarity. Because Plaintiff is the nonmoving Party, however, the Court construes all well-pled facts in the light most favorable to him, accepts all well-pled factual allegations as true, and draws all reasonable inferences in his favor. *See, e.g.*, *Caraway v. CoreCivic of Tenn., LLC*, 98 F.4th 679, 683 (6th Cir. 2024) (citation omitted).

[2] The Complaint identifies this date as "December 18, 2023" [Doc. 1 ¶ 23]. But Plaintiff filed the Complaint on December 17, 2023 [*See* Doc. 1]. In his "Response in Opposition" to Defendants' Motion to Dismiss, Plaintiff states that the traffic stop at issue actually occurred "on December 18, *2022*" [Doc. 39 at 7 (emphasis added)]. Because it would be impossible for the traffic stop to have occurred the day after Plaintiff filed the Complaint, the Court reasonably infers that the stop actually occurred on December 18, 2022.

Plaintiff's "vehicle was stopped for dark tinted windows" [*Id.* ¶ 25]. "The stop occurred at approximately 23:52 hours" [*Id.*]. Defendant Officer Bryant "approached the vehicle and requested [that Plaintiff] exit the vehicle" [*Id.* ¶ 30]. Plaintiff "was wearing, about his waist, a holster which contained" his "openly visible" licensed firearm [*Id.* ¶¶ 30-31].

Defendant Officer Serret "could allegedly smell the odor of marijuana emanating from [Plaintiff]'s vehicle" [*Id.* ¶ 32]. The Officer Defendants "commenced" a "full search of the vehicle's interior and trunk" [*Id.*]. "At the conclusion of the traffic stop," Plaintiff's "firearm and holster," among other items, "were seized by the law enforcement officers" [*Id.* ¶¶ 29, 31]. Defendant "Chattanooga maintained control of" Plaintiff's firearm for an unknown period [*Id.* ¶ 55]. "At a subsequent date," a Chattanooga Police Department employee returned the firearm to Plaintiff [*Id.* ¶ 56-57].

On December 17, 2023, Plaintiff filed a complaint against Defendants alleging various state and federal claims [Doc. 1]. Three (3) Counts are pertinent here. Count One alleges a claim under 42 U.S.C. § 1983 against all Defendants for a "violation of the Second Amendment to the United States Constitution" [*Id.* at 11-12]. Count Three alleges a Section 1983 claim against all Defendants for a "violation of the Fourteenth [Amendment]" for "deprivation of personal property without due process of law" [*Id.* at 12]. And Count Four alleges a Section 1983 claim against all Defendants for a "violation of the Fourteenth [Amendment]" for "deprivation of constitutional rights without due process of law" [*Id.* at 13]. Defendants filed a "Motion to Dismiss," seeking to dismiss Count One against the Officer Defendants based on qualified immunity and potentially the remainder of Count One as to Defendant Chattanooga based on their contention that Plaintiff should have brought the claim under the Fourth Amendment [*See* Docs. 18, 19]. Defendants also seek dismissal of Counts Three and Four in their entirety [*See id.*].

2

The Court ordered supplemental briefing because the Complaint failed "to adequately articulate the precise nature of Plaintiff's Fourteenth Amendment 'due process' claims in Counts Three and Four" [*See* Docs. 41 at 2; 49]. Plaintiff filed a supplemental brief agreeing with Defendants that the Court should dismiss Count Three [Doc. 45 at 2]. As to Count Four, Plaintiff confirmed that he seeks to raise a substantive due process claim for a violation of his "constitutionally recognized right of the freedom of movement, right to interstate travel, and perhaps the constitutionally recognized right of intrastate travel" [*Id.* at 5]. Count Four flows from Plaintiff's contention that the Officer Defendants "stopped, seized, and arrested" him "without any probable cause" [*See id.* at 4, 5-6; *see also* Doc. 45 at 3-6]. Defendants' supplemental brief reasserts that the Court should dismiss Counts Three and Four [*See* Doc. 50].

II.     **Analysis**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *See Phillips v. DeWine*, 841 F.3d 405, 414 (6th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "facial[ly] plausib[le] when the plaintiff pleads ***factual content*** that allows the court to draw the reasonable inference that the defendant is liable." *See Teamsters Local 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*, 83 F.4th 514, 524 (6th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (emphasis added). "[A] plaintiff cannot overcome a Rule 12(b)(6) motion to dismiss simply by referring to conclusory allegations in the complaint that the defendant violated the law." *See 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013). Bare "the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a plausible claim to relief. *See Caraway*, 98 F.4th at 686. "Threadbare recitals of the

3

elements of a cause of action, supported by mere conclusory statements" are similarly insufficient. *See Lindke v. Tomlinson*, 31 F.4th 487, 496 (6th Cir. 2022).

The Sixth Circuit has "repeatedly cautioned" that "it is generally inappropriate" for a district court to decide an official's "entitle[ment] to qualified immunity" at the Rule 12 stage. *See Anders v. Cuevas*, 984 F.3d 1166, 1175 (6th Cir. 2021). But "this is only a 'general preference,' not an absolute" rule. *See Siefert v. Hamilton Cnty.*, 951 F.3d 753, 761-62 (6th Cir. 2020) (citing *Guertin v. State*, 912 F.3d 907, 917 (6th Cir. 2019)). This "general preference" gives way where, as here, "the precise factual basis" for the relevant claims is not "hard to identify." *See Guertin*, 912 F.3d at 917 (citing *Pearson v. Callahan*, 555 U.S. 223, 238-39 (2009)).

### A. Count One Fails As To The Officer Defendants Because They Are Entitled To Qualified Immunity.

"Qualified immunity shields government officials" performing "discretionary functions" from "civil liability unless their actions violate clearly established rights." *See, e.g.*, *Josephson v. Ganzel*, 115 F.4th 771, 783 (6th Cir. 2024) (citation omitted). "[T]o determine whether an official is entitled to qualified immunity," the Court applies "a two-prong test." *Burnett v. Griffith*, 33 F.4th 907, 911 (6th Cir. 2022). ***First***, the Court "questions whether the facts, 'taken in the light most favorable to the party asserting the injury, . . . show that the officer's conduct violated a constitutional right.'" *Id.* (quoting *Jones v. Clark Cnty.*, 959 F.3d 748, 766 (6th Cir. 2020)). ***Second***, the Court determines whether the right "was clearly established at the time of the alleged violation." *Bambach v. Moegle*, 92 F.4th 615, 623 (6th Cir. 2024). Because "there is no 'rigid order of battle,'" the Court "may resolve a qualified immunity defense under" either prong in the first instance. *Cunningham v. Blackwell*, 41 F.4th 530, 536 (6th Cir. 2022) (citing *Pearson*, 555 U.S. at 234).

Case 1:23-cv-00299-KAC-MJD   Document 72   Filed 01/31/25   Page 4 of 9   PageID #: 444

As to Count One, the Officer Defendants are entitled to qualified immunity because the Complaint fails to allege a violation of a Second Amendment right that was clearly established by December 18, 2022. To be clearly-established, a right's "contours" must be "sufficiently clear that a reasonable officer in the defendant's position should have known his conduct violated that right." *See Ramsey v. Rivard*, 110 F.4th 860, 866 (6th Cir. 2024) (quotation omitted). The Court considers the law "at the time of the challenged conduct." *See Campbell v. Riahi*, 109 F.4th 854, 860 (6th Cir. 2024) (citing *Dist. of Columbia v. Wesby*, 583 U.S. 48, 63 (2018)). "[E]xisting precedent" at that time "must have placed the statutory or constitutional question beyond debate." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (per curiam) (quoting *White v. Pauly*, 580 U.S. 73, 79 (2017)); *see also Tarter v. Metro. Nashville Airport Auth.*, No. 22-5421, 2023 WL 5322418, at *5 (6th Cir. Aug. 18, 2023). Once an officer has raised a qualified immunity defense, a plaintiff bears the burden to show that the official's conduct violated a right that was clearly established "at the time of the violation." *See, e.g.*, *Jones v. Naert*, 121 F.4th 558, 564 (6th Cir. 2024) (citation omitted).

The Second Amendment enshrines a fundamental, individual right. *See Dist. of Columbia v. Heller*, 554 U.S. 570, 595 (2008); *see also McDonald v. City of Chicago*, 561 U.S. 742, 791 (2010). In June 2022, in *New York State Rifle and Pistol Association v. Bruen*, the Supreme Court held that to determine the Second Amendment's contours, a court must examine the Nation's "historical tradition of firearm regulation." *See* 597 U.S. 1, 22 (2022). In 2024, after the conduct relevant to this motion occurred, the Supreme Court refined its Second Amendment methodology in *United States v. Rahimi*. *See* 602 U.S. 680, 691 (2024). "[S]ome courts ha[d] misunderstood" precisely how "relevantly similar" historical analogues to modern gun regulations had to be to "pass constitutional muster." *Id.* The historical analysis the Supreme Court described in *Bruen*

5

was "not meant to suggest a law trapped in amber." *Id.* Instead, the Supreme Court wrote, a "law must comport with the principles underlying the Second Amendment[']s" original meaning and be "consistent with the principles that underpin our regulatory tradition." *See id.*

Here, Plaintiff cites no relevant authority concluding that a law enforcement officer violates a clearly established Second Amendment right when she temporarily seizes a specific firearm incident to a search and later returns the firearm. Upon the Court's review, the only relevant Sixth Circuit case, *Meeks v. Larsen*, concluded that it was not clearly established that "an individual's Second Amendment rights are violated by the deprivation of specific firearms where the individual's right to acquire other firearms is not abridged." *See* 611 F. App'x 277, 286-87 (6th Cir. 2015) (citations omitted). To be sure, the Sixth Circuit decided *Meeks* before *Bruen* and *Rahimi*. It is unclear that the Sixth Circuit would reach the same conclusion today. But as of December 18, 2022, no precedent clearly established that temporary seizure of a firearm incident to search with subsequent return of the firearm violated the Second Amendment.

Plaintiff argues that at the time the Officer Defendants stopped him, "the right to keep and bear arms had been a clearly established right for two hundred-thirty three years," pointing to the year Congress ratified the Second Amendment [Doc. 39 at 7]. But Plaintiff fundamentally misconceives the inquiry. The Court does not define clearly established rights "at a high level of generality." *See, e.g.*, *Diei v. Boyd*, 116 F.4th 637, 648 (6th Cir. 2024) (quotation omitted). And nothing in *Heller*, *McDonald*, or *Bruen* made the contours of the Second Amendment's individual right "sufficiently clear that a reasonable officer in the defendant's position should have known his conduct violated that right." *See Ramsey*, 110 F.4th at 866. Neither *Heller*, *McDonald*, nor *Bruen* discussed potential constitutional tort liability for an individual officer who temporarily seizes and retains a specific firearm pursuant to a traffic stop and investigation. And even if *Rahimi*

6

subsequently clearly established a relevant Constitutional right, the Officer Defendants would be entitled to qualified immunity. *See Ramsey* 110 F.4th at 866. The Court therefore dismisses Count One as to the Officer Defendants.

But the case for dismissal as to Defendant Chattanooga fall short [*See* Doc. 19 at 7]. Qualified immunity does not extend to Defendant Chattanooga. *See Myers v. Potter*, 422 F.3d 347, 352 (6th Cir. 2005) (citation omitted). And to the extent Defendant Chattanooga argues that Plaintiff should have brought his Count One Second Amendment claim against it under the Fourth Amendment, that argument fails too [*See* Doc. 19 at 7]. As discussed more fully below, courts have "resisted relying on the Due Process Clause when doing so would have duplicated protection that a more specific constitutional provision already bestowed." *See Albright v. Oliver*, 510 U.S. 266, 273 (1994). But that principle does not apply to Count One. In Count One, Plaintiff seeks to vindicate his Second Amendment rights. The deprivation of one's Second Amendment rights is a specific constitutional injury well-moored in the Constitution's text. And an individual does not forfeit the opportunity to assert a claim to vindicate those rights simply because a Defendant has potentially violated his Fourth Amendment rights too. The Court therefore denies Defendants' Motion to Dismiss Count One with respect to Defendant Chattanooga.

### B. Count Four Fails.

Count Four of the Complaint alleges that Defendants deprived Plaintiff of unspecified "constitutional rights without due process of law" [Doc. 1 at 13]. Plaintiff asserts that Count Four is based on several species of substantive due process involving "the freedom of movement, right to interstate travel, and perhaps the constitutionally recognized right of intrastate travel" [Doc. 45 at 5]. But Plaintiff repeatedly states that the constitutional violations alleged in

7

Count Four flow from the Officer Defendants purportedly "stop[ing], seiz[ing], and arrest[ing]" him "without probable cause" [*Id.* at 4].

As noted above, courts "resist[] relying" on the Fourteenth Amendment's Due Process Clause when doing so duplicates "protection that a more specific constitutional provision" provides. *See Albright*, 510 U.S. at 273. Put more plainly, "substantive due process does not apply to claims that should be brought under more specific constitutional provisions." *See Grater v. Damascus Twp.*, No. 22-3616, 2023 WL 3059080, at *4 (6th Cir. April 24, 2023) (citing *Albright*, 510 U.S. at 273). Where "a specific constitutional provision," such as the Fourth Amendment, covers a plaintiff's constitutional claim, a plaintiff should pursue that claim "by way of the Fourth Amendment, not the Due Process Clause of the Fourteenth Amendment." *See Davis v. Gallagher*, 951 F.3d 743, 752 (6th Cir. 2020) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)).

Here, Count Four as pled is properly brought under the Fourth Amendment, not under any purported substantive due process right that may exist. Plaintiff attempts to cast Count Four under various species of substantive due process [Doc. 45 at 3-6]. But the Complaint and Plaintiff's supplemental brief confirm that he premises Count Four on the theory that the Officer Defendants conducted a traffic stop, searched him, and seized his property without probable cause [*See* Docs. 1 ¶ 60; 45 at 4-6]. That is a quintessential Fourth Amendment violation. Because the Fourth Amendment covers the allegations in Count Four,[3] "substantive due process does not apply." *See Grater*, 2023 WL 3059080, at *4 (citation omitted). For that reason, the Court dismisses Count Four.

---

[3] The Complaint already contains a seemingly coterminous Section 1983 claim for a violation of the Fourth Amendment [*See* Doc.1 at 12].

8

### C. The Court Dismisses Count Three.

Count Three of the Complaint alleges that Defendants deprived Plaintiff "of personal property without due process of law" [Doc. 1 at 12-13]. Plaintiff has confirmed that (1) Count Three is a substantive due process claim based on the Officer Defendants' search and seizure of his property and (2) the Court should dismiss Count Three because the Fourth Amendment provides a specific textual source for that claim [Doc. 45 at 2-3]. *See also Davis*, 951 F.3d at 752 (citation omitted). Accordingly, the Court dismisses Count Three.

### III. Conclusion

As set forth above, the Court **GRANTS in PART and DENIES in PART** Defendants' "Motion to Dismiss" [Doc. 18].

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

9

Case 1:23-cv-00299-KAC-MJD    Document 72    Filed 01/31/25    Page 9 of 9    PageID #: 449