UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| NIKOLAS SHIPLEY, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : CASE NO. 1:23-CV-00299 |
| CHATTANOOGA POLICE DEPARTMENT | : |
| OFFICER DARNELL BRYANT, BADGE #395; | : |
| CHATTANOOGA POLICE DEPARTMENT | : |
| OFFICER SERRET, BADGE #845; | : |
| CHATTANOOGA POLICE DEPARTMENT | : |
| OFFICER BUCKLEY, BADGE #1162; and | : |
| CITY OF CHATTANOOGA, TENNESSEE, | : |
| | : |
| Defendants. | : |

## CITY OF CHATTANOOGA'S
## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant City of Chattanooga ("City"), by and through undersigned counsel, and for answer to the Plaintiff's Complaint states the following:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

### INTRODUCTION

1. City admits that Plaintiff attempts to file this action pursuant to the Second, Fourth, and Fourteenth Amendments to the United States Constitution. However, the City denies any and all wrongdoing and further denies any and all alleged constitutional violations based on any policies, customs, and/or practices adopted by any policymakers of the City. Any and all allegations not expressly admitted are hereby denied.

2. The allegations contained in Paragraph 2 of the Complaint are denied.

3. City admits that Plaintiff attempts to bring this action pursuant to 42 U.S.C. §§ 1983 and 1988 against all the Defendants. However, the City denies any and all wrongdoing and further denies any and all alleged constitutional violations based on any policies, customs, and/or practices adopted by any policymakers of the City. Any and all allegations not expressly admitted are hereby denied.

4. City admits that Plaintiff attempts to raise state law claims against the individual officers for conversion, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. City further admits that Plaintiff attempts to raise a state law claim of negligence against the City. However, such claims are subject to defenses under the Tennessee Governmental Tort Liability Act (TGTLA) and the City denies that Plaintiff may recover under any and all wrongdoing and further denies any and all alleged state law claims. Any and all allegations not expressly admitted are hereby denied.

5. Paragraph 5 of Plaintiff's Complaint states the damage relief sought from all Defendants. Accordingly, a response is not required except for those claims asserted against the City of Chattanooga. To the extent a response is required, the allegations contained in Paragraph of the Complaint are denied as to the City.

## JURISDICTION AND VENUE

6. The allegations contained in Paragraph 6 of the Complaint based on Plaintiff's claims for relief under 42 U.S.C. 1983 are denied.

7. The allegations contained in Paragraph 7 of the Complaint are admitted as to jurisdiction. All other allegations are denied regarding any alleged violations under the Second, Fourth, and Fourteenth Amendments to the United States Constitution.

8. The allegations contained in Paragraph 8 of the Complaint are admitted as to venue. All other allegations are denied.

## THE PARTIES

9. City is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 9 of the Complaint regarding Plaintiff's residency and business affiliations. Accordingly, those allegations are denied.

10. The allegations contained in Paragraph 10 of the Complaint regarding Bryant are admitted.

11. The allegations contained in Paragraph 11 of the Complaint are admitted upon information and belief.

12. The allegations contained in Paragraph 12 of the Complaint are admitted.

13. The allegations contained in Paragraph 13 of the Complaint regarding Serret are admitted.

14. The allegations contained in Paragraph 14 of the Complaint are admitted upon information and belief.

15. The allegations contained in Paragraph 15 of the Complaint are admitted

16. The allegations contained in Paragraph 16 of the Complaint regarding Buckley are admitted.

17. The allegations contained in Paragraph 17 of the Complaint are admitted upon information and belief.

18. The allegations contained in Paragraph 18 of the Complaint are admitted.

19. The allegations contained in Paragraph 19 of the Complaint regarding the City are admitted The Chattanooga Police Department is not a separate governmental entity.

20. The allegations contained in Paragraph 20 of the Complaint are admitted. However, the City denies any and all wrongdoing in the adoption of any policies, customs, and/or standards by any policymaker of the City and strict proof is demanded.

21. The allegations contained in Paragraph 21 of the Complaint are denied.

22. The City admits that Plaintiff has attempted to sue the City pursuant to the Tennessee Governmental Tort Liability Act. However, the City denies any and all wrongdoing and strict proof is demanded. Any and all allegations not expressly admitted are hereby denied.

## FACTUAL BACKGROUND

23. It is admitted that Officer Bryant initiated a traffic stop on December 18, 2022, where the Plaintiff was a driver. All other allegations contained in Paragraph 23 of the Complaint are denied.

24. The allegations contained in Paragraph 24 of the Complaint are admitted.

25. The allegations contained in Paragraph 25 of the Complaint refer to a document which speaks for itself. Any allegations inconsistent with the document are hereby denied.

26. The allegations contained in Paragraph 26 of the Complaint references T.C.A. §55-9-107. The statute speaks for itself. To the extent the quoted portion is inconsistent with the statute, the allegations are denied.

27. City is without sufficient information or knowledge to admit or deny the allegations contained in the first sentence of Paragraph 27 of the Complaint. Accordingly, the allegations are denied based on testing performed by Bryant at the scene. As to the second sentence of Paragraph 27 of the Complaint, the allegations refer to a Tennessee statute which speaks for itself. Any allegation inconsistent with the cited statute are hereby denied. As to the third sentence of Paragraph 27 of the Complaint, the allegations refer to a

document prepared by Bryant which speaks for itself. Any allegation inconsistent with the document are hereby denied.

28. The allegations contained in Paragraph 28 of the complaint refer to a document which speaks for itself. Any allegation inconsistent with the document is hereby denied. Further, Paragraph 28 further contains a legal conclusion and does not require a response. To the extent a response is required, the allegations are denied.

29. The allegations contained in paragraph 29 of the complaint are admitted.

30. City denies that Officer Bryant requested Shipley exit the vehicle. It is admitted that Shipley was in possession of a firearm at the time of the traffic stop. All other allegations in Paragraph 30 are denied.

31. City is without sufficient information or knowledge to admit or deny the timeframe in which Shipley obtained a carry permit or to admit or deny the claimed emotional distress; thus, such allegations are denied. It is admitted that Shipley possessed a carry permit at the time of the traffic stop and that the firearm in Shipley's possession at the traffic stop was lawfully seized based on concern for officer safety and with reasonable suspicion in connection with the arrest of the passenger in Plaintiff's vehicle. It is denied the Shipley's holster was seized. All other allegations are legal conclusions and do not require a response. To the extent a response is required, the allegations are denied.

32. It is admitted that Defendant Andrew Serret ("Serret") detected the odor of marijuana coming from Shipley's vehicle and that based on the smell of marijuana, the Officers searched Shipley's vehicle. All other allegations in paragraph 32 are denied.

33. It is admitted that K-9 Officer Clayton Holmes arrived at the traffic stop and his K-9 performed an open-air-sniff around Shipley's vehicle. All other allegations in paragraph 33 are denied.

34. The allegations contained in paragraph 34 of the complaint are denied based on the specific training provided to drug detection dogs at the time.

35. The allegations contained in paragraph 35 of the complaint are admitted to the extent that the K-9 performed an open-air-sniff around Shipley's vehicle and did not make a positive response, or "hit," indicating the detection of an illegal controlled substance that the K-9 was trained to detect. All other allegations not expressly admitted are denied.

36. It is admitted that the Defendant Officers searched Plaintiff's person, the passenger's person, and Shipley's vehicle based on probable cause. City is without sufficient information or knowledge to admit or deny the claimed emotional distress of Plaintiff during any search at the scene; thus, such allegations are denied. All other allegations in paragraph 36 are either legal conclusions and do not require a response. To the extent that a response is require, the allegations are denied.

37. The allegations contained in paragraph 37 of the complaint are admitted based upon information and belief.

38. The allegations contained in paragraph 38 reference 7 U.S.C. § 1639(o)(1). That statute speaks for itself. To the extent this paragraph is inconsistent with the federal or state law referenced, the allegations are denied.

39. City will establish that Officers are trained to detect the look and smell of marijuana. City further states, that based upon information, belief, and Plaintiff's own admission in Paragraph 37 of the Complaint, the smells of hemp and marijuana are almost identical and

are virtually indistinguishable. Accordingly, City will establish that Officers cannot be trained to distinguish between the *smell* of hemp and marijuana. All allegations contained in paragraph 39 of the complaint not expressly admitted are hereby denied.

40. The City admits the allegations contained in Paragraph 40 of the Complaint regarding the obligation to provide training to its officers based on applicable law.

41. As to the first and second sentence of Paragraph 41 of the Complaint, the City states that the allegations are so vague and ambiguous that the City cannot reasonably prepare a response. As such, those allegations are denied. Specifically, Plaintiff references "laws" and "[n]ew laws passed by the United States and the Tennessee General Assembly…." without any specific reference or citation. As such, the City cannot reasonably prepare a response. As to the third sentence of Paragraph 41, the City denies that it ignores new laws and how such laws affect police power. As to the fourth sentence of Paragraph 41, the City admits that the City and its law enforcement officers are obligated to police citizens under the color of law. All allegations not expressly admitted in Paragraph 41 are hereby denied.

42. The allegations contained in paragraph 42 of the complaint reference a TBI memo dated August 26, 2019. This document speaks for itself. Any allegations inconsistent with the document are hereby denied.

43. The allegations contained in paragraph 43 of the complaint are denied.

44. It is admitted that the City of Chattanooga develops its policies, customs, practices, and develops training in compliance with the U.S. Constitution and its laws. The remaining allegations contained in paragraph 44 reference Article VI, paragraph 2 of the United States Constitution. That article speaks for itself. To the extent allegations are inconsistent with

the referenced article, such allegations are denied that all traffic stops by Officers in the City are in direct violation of the United States and Tennessee Constitution.

45. The allegations contained in paragraph 45 of the complaint are denied.

46. As to the first sentence of Paragraph 46 of Plaintiff's Complaint, City is without sufficient information or knowledge to admit or deny the allegations as Plaintiff fails to specifically identify or cite to any particular stops. As such, the allegations are denied. The remaining allegations are legal conclusions and do not require a response. To the extent a response is required, the allegations are denied.

47. City is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 47 of the complaint. Accordingly, all such allegations are denied.

48. City is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 48 of the complaint. Accordingly, all such allegations are denied.

49. The allegations contained in paragraph 49 of the complaint are admitted that Plaintiff was read Miranda warnings while he was detained.

50. The allegations contained in paragraph 50 of the complaint are admitted that a passenger in Plaintiff's vehicle was arrested and charged with a criminal act.

51. It is admitted that the Defendant Officers seized several items from Shipley's vehicle based on probable cause the items were illegal drugs. All other allegations are denied.

52. The allegations contained in paragraph 52 of the complaint reference a document. This document speaks for itself. Based upon information and belief, the affidavit contains no reference to a holster. Any allegations inconsistent with the document are hereby denied.

53. It is admitted that Officer Bryant issued Plaintiff a citation in lieu of arrest on the night at issue. Upon information and belief, the citation was issued to Plaintiff. This document

speaks for itself and any allegation inconsistent with the document is hereby denied. Further allegations in paragraph 53 are legal conclusions and no response is required. To the extent a response is required to the legal conclusions, the allegations are denied. City is without sufficient information or knowledge to admit or deny the allegations related to Plaintiff's alleged emotional distress from his detention and citation in lieu of arrest at the scene, and thus, all such allegations are denied.

54. City is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 54 of the complaint. Accordingly, all such allegations are denied regarding any alleged emotional distress suffered by Plaintiff.

55. As to the first sentence of Paragraph 55 of the Complaint, the allegations are denied as stated. Officer Bryant issued Plaintiff a citation in lieu of arrest on the night at issue. As to the second sentence of Paragraph 55, City admits that Plaintiff's legal counsel contacted and obtained the return of Plaintiff's firearm from the Chattanooga Police Department. All allegations not expressly admitted are hereby denied.

56. City admits that Plaintiff was given his firearm back but is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 56 of the complaint. Accordingly, all such allegations are denied.

57. As to the first sentence of Paragraph 57, the allegations are admitted. City is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 57 of the complaint. Accordingly, all such remaining allegations are denied.

58. The allegations contained in paragraph 58 of the complaint are admitted.

59. The allegations contained in paragraph 59 of the complaint are legal conclusions and do not require a response. To the extent Plaintiff's statement regarding his clearly established constitutional rights are inconsistent with the applicable laws, the allegations are denied.

60. The City denies any and all wrongdoing including that the City violated the constitutional rights of Plaintiff or consciously disregarded Plaintiff's constitutional rights under the Second, Fourth, or Fourteenth Amendments. The remaining allegations contained in paragraph 60 of the complaint are legal conclusions and do not require a response. To the extent a response is required, such allegations are denied. All allegations not expressly admitted are hereby denied.

61. The allegations contained in paragraph 40 of the complaint are legal conclusions and do not require a response. To the extent that a response is required, the allegations that the City failed to properly train its Officers are denied and strict proof is demanded at trial.

## COUNT I:
## VIOLATION OF THE SECOND AMENDMENT
## TO THE UNITED STATES CONSTITUTION:
## (AGAINST ALL INDIVIDUALLY NAMED DEFENDANTS AND CHATTANOOGA)
## UNLAWFUL SEIZURE RESULTING IN THE LOSS OF THE RIGHT TO BEAR ARMS
## (42U.S.C. § 1983)

62. City incorporates and references all preceding paragraphs as if stated herein.

63. The allegations contained in paragraph 63 of the complaint are legal conclusions and do not require a response. To the extent that a response is required, the allegations regarding any unlawful seizure of a firearm and/or depriving Plaintiff of his firearm for a period of time are denied.

## COUNT II:
## VIOLATION OF THE FOURTH AMENDMENT
## TO THE UNITED STATES CONSTITUTION:
## (AGAINST ALL INDIVIDUALLY NAMED DEFENDANTS AND CHATTANOOGA)
## UNREASONABLE SEIZURE WITHOUT PROBABLE CAUSE
## (42 U.S.C. § 1983)

64. City incorporates and references all preceding paragraphs as if stated herein.

65. The allegations contained in paragraph 65 of the complaint are legal conclusions and do not require a response. To the extent that a response is required, the allegations that the City is liable for any unlawful seizure of his person and property are denied.

## COUNT III:
## VIOLATION OF THE FOURTEENTH AMENDMENT
## TO THE UNITED STATES CONSTITUTION:
## (AGAINST ALL INDIVIDUALLY NAMED DEFENDANTS AND CHATTANOOGA)
## DEPRIVATION OF PERSONAL PROPERTY WITHOUT DUE PROCESS OF LAW
## (42 U.S.C. § 1983)

66. City incorporates and references all preceding paragraphs as if stated herein.

67. This Count has been dismissed as to the City pursuant to this Court's Memorandum Opinion and Order Granting Motion to Dismiss in Part (Doc. 72). As such, no response is required. To the extent a response is required, the allegations are denied.

## COUNT IV:
## VIOLATION OF THE FOURTEENTH AMENDMENT
## TO THE UNITED STATES CONSTITUTION:
## (AGAINST ALL INDIVIDUALLY NAMED DEFENDANTS AND CHATTANOOGA)
## DEPRIVATION OF CONSTITUTIONAL RIGHTS WITHOUT DUE PROCESS OF
## LAW
## (42 U.S.C. § 1983)

68. City incorporates and references all preceding paragraphs as if stated herein.

69. This Count has been dismissed as to City pursuant to this Court's Memorandum Opinion and Order Granting Motion to Dismiss in Part (Doc. 72). As such, no response is required. To the extent a response is required, the allegations are denied.

## COUNT V:
## CONVERSION OF PROPERTY UNDER TENNESSEE LAW
## (AGAINST ALL INDIVIDUALLY NAMED DEFENDANTS AND CHATTANOOGA)

70. City incorporates and references all preceding paragraphs as if stated herein.

71. The allegations contained in paragraph 71 of the complaint are legal conclusions and do not require a response. To the extent that a response is required, the allegations that the City is liable for conversion of any property of Plaintiff are denied.

## COUNT VI:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER TENNESSEE LAW
## (AGAINST ALL INDIVIDUALLY NAMED DEFENDANTS AND CHATTANOOGA)

72. City incorporates and references all preceding paragraphs as if stated herein.

73. The allegations contained in paragraph 73 of the complaint are legal conclusions and do not require a response. To the extent that a response is required, the allegations are denied based upon the applicable law as to the City under the TGTLA.

## COUNT VII:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UNDER TENNESSEE LAW
## (AGAINST ALL INDIVIDUALLY NAMED DEFENDANTS AND CHATTANOOGA)

74. City incorporates and references all preceding paragraphs as if stated herein.

75. The allegations contained in paragraph 75 of the complaint are legal conclusions and do not require a response. To the extent that a response is required, the allegations are denied based upon the applicable law as to the City under the TGTLA.

## COUNT VIII:
## NEGLIGENCE UNDER TENNESSEE LAW
## (AGAINST ALL INDIVIDUALLY NAMED DEFENDANTS AND CHATTANOOGA)

76. City incorporates and references all preceding paragraphs as if stated herein.

77. The allegations contained in paragraph 77 of the complaint are legal conclusions and do not require a response. To the extent that a response is required, the allegations are denied based upon the applicable law as to the City under the TGTLA.

78. All allegations not expressly admitted are hereby denied and strict proof is demanded thereof at trial. It is expressly denied that Plaintiff is entitled any compensatory and/or punitive damages against the City as a matter of law; and/or any award of attorney's fees, expert fees, or costs and/or any appointed attorney for teaching of classes to the Chattanooga Police Department.

## AFFIRMATIVE DEFENSES

## THIRD DEFENSE

City Defendant specifically asserts all defenses applicable to them under the Tennessee Governmental Tort Liability Act "TGTLA", T.C.A. §§ 29-20-101 *et seq*., and incorporate by reference herein all defenses specified therein. In particular, this Defendant relies upon the following provisions:

- A. T.C.A. § 29-20-205 sets out nine 9 specific exceptions from liability where negligent acts or omissions of any employee occur within the scope of employment, including, but not limited to:
  - i. T.C.A. § 29-20-2051: The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused.
  - ii. T.C.A. § 29-20-2052: False imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights.

iii. T.C.A. § 29-20-2055: The institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause.

iv. T.C.A. § 29-20-2056: Misrepresentation by an employee whether or not such is negligent or intentional.

B. T.C.A. § 29-20-307 provides for the right to trial without a jury; and

C. T.C.A. § 29-20-403 limits any liability of governmental entities to the statutory limits of liability applicable as of the date of the incident giving rise to this action.

## FOURTH DEFENSE

City denies that the City violated Plaintiff's constitutional rights or that the City or any of its employees violated the Fourth Amendment to the United States Constitution, 42 U.S.C. §§1983 or 1985 in any actions taken toward Plaintiff.

## FIFTH DEFENSE

The City asserts that immunity is preserved for governmental entities unless a specific exception under the TGTLA removes immunity. *See Kirby v. Macon County*, 892 S.W.2d 403 Tenn. 1994.

## SIXTH DEFENSE

The City is immune from liability and is not a proper party under the TGTLA for any intentional act or omission for which the immunity of the governmental entity is not removed by the TGTLA.

## SEVENTH DEFENSE

City denies that any claim by the Plaintiff has occurred as a result of any unconstitutional policy, custom or practice adopted by any official policymaker of the City. The City would assert that it is entitled to sovereign immunity from any liability based upon certain intentional torts

and/or any negligence claims of its employees based upon the specific torts enumerated within T.C.A. § 29-20-205 (2).

## EIGHTH DEFENSE

The City would show that no actions by any officer in connection with this incident occurred as a result of any unconstitutional policy, custom, or practice adopted by the City.

## NINTH DEFENSE

The City states that it cannot be held liable for any damages asserted by the Plaintiff claimed on the grounds that any alleged injuries sustained by the Plaintiff was not proximately caused by or directly related to any unconstitutional policy, custom or practice of the City. The City would further specifically assert that it cannot be held liable for the actions of its employees under 42 U.S.C. § 1983 on the basis of *respondeat superior*.

## TENTH DEFENSE

The City would assert that no claim may be brought against any of its employees or judgment entered against its employees for any injury proximately caused by a negligent act or omission of an employee within the scope of employee's employment in any amount in excess of the limits established for governmental entities at T.C.A. § 29-20-403 pursuant to the provisions of T.C.A. § 29-20-310c.

## ELEVENTH DEFENSE

The City will show that it was not deliberately indifferent to Plaintiff or other citizens in providing any training or supervision of its officers prior to this incident.

## TWELFTH DEFENSE

The City would submit that it cannot be subject to punitive damages in this case as a matter of law.

## THIRTEENTH DEFENSE

The City will establish that it properly trained and supervised its employees above and beyond the standards required under Tennessee law based upon clear actions of its policymakers. The City will establish that there was no negligent training or supervision of its officers on or before the date of incident, which proximately caused any injury or damage to Plaintiff.

## FOURTEENTH DEFENSE

City Defendant will show that there is no proximate causation between any alleged injury of Plaintiffs and any alleged acts of the City.

## FIFTEENTH DEFENSE

The City reserves the right to assert any additional defenses which their investigation or discovery reveals may apply to bar in whole or in part any of Plaintiff's claims.

## PRAYER FOR RELIEF

City denies all the allegations contained in the Wherefore Paragraph, marked 1 through 7, at the end of Plaintiff's Complaint and denies that this Plaintiff is entitled to any damages, relief, or judgment in any form or for any reason.

Now having fully answered the complaint filed against the City, City requests this case be dismissed with its attorney's fees and costs.

This 14th day of February, 2024.

Respectfully submitted,

CITY OF CHATTANOOGA, TENNESSEE
OFFICE OF THE CITY ATTORNEY


By: **s/ Phillip A. Noblett**
    PHILLIP A. NOBLETT – BPR #10074
    *City Attorney*
    KATHRYN C. McDONALD – BPR #30950
    ANDREW S. TRUNDLE - BPR # 30381
    AZARIUS YANEZ – BPR # 036266
    *Assistant City Attorneys*
    100 East 11th Street, Suite 200
    Chattanooga, Tennessee 37402
    (423) 643-8250 - Telephone
    (423) 643-8255 - Fax

    *Attorneys for Defendant, City of Chattanooga*

# **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Neal Pinkston
PINKSTON LAW, PLLC
1216 E. Main Street, Suite 206
Chattanooga, TN  37408

Logan Davis
DAVIS & HOSS, P.C.
850 Fortwood Street
Chattanooga, TN  37403

W. Gerald Tidwell, Jr.
TIDWELL & ASSOCIATES
1810 McCallie Avenue
Chattanooga, TN  37404

      This 14th day of February, 2024.

                                                            s/ Phillip A. Noblett
                                                             PHILLIP A. NOBLETT

City of Chattanooga, Tennessee
Office of the City Attorney
100 E. 11th Street, Suite 200
Chattanooga, Tennessee 37402
(423) 643-8250
pnoblett@chattanooga.gov
kmcdonald@chattanooga.gov
atrundle@chattanooga.gov